NOT RECOMMENDED FOR PUBLICATION
 File Name: 21a0361n.06

 No. 20-6161

 UNITED STATES COURT OF APPEALS
 FOR THE SIXTH CIRCUIT
 FILED
 UNITED STATES OF AMERICA, ) Jul 22, 2021
 ) DEBORAH S. HUNT, Clerk
 Plaintiff-Appellee, )
 )
 v. ) ON APPEAL FROM THE
 ) UNITED STATES DISTRICT
 FRED LEE WILLIAMS, ) COURT FOR THE WESTERN
 ) DISTRICT OF TENNESSEE
 Defendant-Appellant. )
 )

 Before: BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

 KETHLEDGE, Circuit Judge. Fred Lee Williams pled guilty to being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals his 108-month sentence, arguing

that the district court committed procedural error when it applied two sentencing enhancements.

We reject his arguments and affirm.

 I.

 The facts of this case are undisputed. On July 12, 2018, police observed Williams sitting

in a Honda Accord in a parking lot in Memphis, Tennessee. The driver’s-side door was open;

Williams retrieved a bag from the door’s compartment and showed it to another person. Williams

then removed a silver handgun from the center of the vehicle and waved it around. He put the gun

down, got out of the Honda, and walked to a red Chrysler parked nearby. Police detained Williams

and recovered a Smith & Wesson .40-caliber pistol—loaded with five rounds of ammunition—

from the driver’s-side floorboard of the Honda. Police also found a clear bag that contained 114.9
No. 20-6161, United States v. Williams

grams of marijuana in the driver’s-side door compartment. A records search revealed that

Williams was a convicted felon and that the firearm was stolen. Williams waived his Miranda

rights and provided a written statement, admitting that he had exchanged three grams of marijuana

for the gun from a “young guy” at the “corner store” earlier that day and that he had bought the

gun for “protection.”

 A grand jury indicted Williams for being a felon in possession of a firearm, and Williams

pled guilty. His Presentence Investigation Report recommended two sentencing enhancements: a

four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a loaded handgun “in

connection with” another felony offense (here, possession with intent to deliver marijuana); and a

two-level increase under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen. Williams

objected to both enhancements. With respect to § 2K2.1(b)(6)(B), he argued that he possessed

only a personal-use quantity of marijuana, which (he says) was unrelated to his firearm possession.

He also argued that § 2K2.1(b)(4)(A) required proof that he had known that the firearm was stolen.

 At sentencing, the district court overruled Williams’s objections, finding that Williams

possessed a “substantial quantity” of marijuana for “transactional activity” and that Williams had

engaged in such activity when he exchanged marijuana for the gun earlier that day. The court also

rejected Williams’s mens rea argument, concluding that § 2K2.1(b)(4)(A) is a strict-liability

enhancement. See U.S.S.G. § 2K2.1 cmt. n.8(B). The court calculated Williams’s resulting

advisory Guidelines range as 130 to 162 months, limited to 120 months by statute. See 18 U.S.C.

§ 924(a)(2). The court then varied downward to impose a sentence of 108 months’ imprisonment.

This appeal followed.

 -2-
No. 20-6161, United States v. Williams

 II.

 Williams argues that the district court erred when it applied § 2K2.1(b)(6)(B). That

enhancement increases a defendant’s base offense level by four levels if the government proves

by a preponderance of the evidence that a defendant “used or possessed any firearm or ammunition

in connection with another felony offense[.]” U.S.S.G. § 2K2.1(b)(6)(B); United States v. Mukes,

980 F.3d 526, 533 (6th Cir. 2020). The government must prove a nexus between the firearm and

the other felony offense, since possession “that is merely coincidental” to that felony offense is

insufficient to support the enhancement. United States v. Ennenga, 263 F.3d 499, 503 (6th Cir.

2001). We review the district court’s factual findings for clear error and accord “due deference”

to its determination that the firearm was used or possessed “in connection with” the other felony.

United States v. Taylor, 648 F.3d 417, 432 (6th Cir. 2011).

 Williams first asserts that the government presented no evidence of “another felony

offense.” As relevant here, the Guidelines define “another felony offense” as any state offense

“punishable by imprisonment for a term exceeding one year, regardless of whether a criminal

charge was brought, or a conviction obtained.” U.S.S.G. § 2K2.1 cmt. n.14(C). Under Tennessee

law, a person commits a Class E felony when he knowingly possesses more than 14.175 grams of

marijuana with the intent to deliver it. See Tenn. Code Ann. § 39-17-417(a)(4), (g)(1). Williams

possessed eight times that felony amount here. Yet he contends that, as a daily user of marijuana,

he possessed the entire 114.9 grams of marijuana for personal use and therefore lacked the requisite

intent to deliver it. But Williams admitted that he had exchanged several grams of marijuana for

the firearm earlier that day, so the court could reasonably infer that Williams intended to distribute

the remaining marijuana as well. On this record, the district court did not clearly err when it

 -3-
No. 20-6161, United States v. Williams

determined that Williams’s marijuana possession was “transactional activity” and thus constituted

“another felony offense.”

 Williams further asserts that his firearm possession was merely coincidental to his

marijuana possession, since (he says) he had purchased the gun for personal “protection” in a

dangerous area of Memphis. That may be so, but his explanation for the presence of the firearm

does not rule out that he also possessed it to protect his marijuana or otherwise to facilitate a drug

offense. See Taylor, 648 F.3d at 433. Here, police recovered a substantial quantity of marijuana

close to the firearm; both were stashed on the driver’s side of the Honda, where Williams had been

seated. The firearm was illegally possessed, loaded, and easily accessible; Williams admitted that

he had purchased the firearm for “protection”; and he waved it around after showing the bag of

marijuana to another person. Under these circumstances, the district court did not clearly err when

it found that the firearm had some “emboldening role in [Williams’s] felonious conduct.” Id. at

432. Thus, the court properly applied the § 2K2.1(b)(6)(B) enhancement.

 Williams also argues that the court erred when it applied § 2K2.1(b)(4)(A) for possessing

a stolen firearm without first finding that he had known that the firearm was stolen. Williams

concedes that we have already rejected that argument. See, e.g., United States v. Palos, 978 F.3d

373 (2020). But he asserts that the court sentenced him without “full recognition of its authority

to reject and vary” from the Guideline on policy grounds. United States v. Johnson, 553 F.3d 990,

992 (6th Cir. 2009).

 A district court need not, however, “speak directly to its own power to depart from the

Guidelines for policy reasons.” United States v. Simmons, 587 F.3d 348, 365 (6th Cir. 2009). And

we have no reason to believe that the court failed to understand its authority here. Rather, the

sentencing transcript simply shows that the court thought the enhancement was applicable under

 -4-
No. 20-6161, United States v. Williams

this court’s caselaw, which is a separate question from the question whether the court might seek

to reject it on policy grounds. Nothing in the record here persuades us that the court misunderstood

its authority.

 The district court’s judgment is affirmed.

 -5-